IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**SELAH ADKINS,** *Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

v.   No._____

**NEW POWER ZX, LLC,**   **FLSA Collective Action**
**D/B/A ZAXBY'S RESTAURANTS**   **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Selah Adkins ("Plaintiff"), individually, and on behalf of herself and all other similarly situated current and former hourly-paid employees as a class, brings this collective action against Defendant, New Power ZX, LLC, d/b/a Zaxby's Restaurants ("Defendant"), and alleges as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former hourly-paid employees who are members of a class as defined herein and currently or previously employed by Defendant.

2. Plaintiff alleges she and those similarly situated were required to work "off the clock" within weekly pay periods without being compensated at the applicable FLSA overtime compensation rates of pay for such work hours during all times material to this action.

1

3. As such, Plaintiff seeks to form a class of aggrieved current and former hourly-paid employees to recover unpaid overtime wages and other damages, as specified hereinafter.

## II. JURISDICTION AND VENUE

4. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked for Defendant in this district during all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in the FLSA violations alleged herein in this district during all times material to this cause.

## III. CLASS DESCRIPTION

6. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid employees of Defendant who performed work at any of Defendant's Zaxby's franchised restaurants and who worked for Defendant in the United States within weekly pay periods at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV. PARTIES

7. Plaintiff Selah Adkins was employed by Defendant as an hourly-paid employee and worked at one of Defendant's Zaxby's franchised restaurants during all times material to this action. (Plaintiff Adkins' Consent to Join this collective action is attached hereto as Exhibit A.)

8. Defendant New Power ZX, LLC is a Tennessee Limited Liability Company with its principal offices located at 5513 River Point Cove, Knoxville, Tennessee 37919-9328.

Defendant's registered agent for service of process is Toby Strange, 5513 River Point Cove Road, Knoxville, Tennessee 327919-9328.

## V. COVERAGE

9. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

10. Defendant has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this complaint.

11. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

12. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

## VI. FACTS

13. Defendant owns and operates several Zaxby's franchised restaurants in this district and in other locations. (Plaintiff worked as an hourly-paid employee at Defendant's Zaxby's Restaurant in Sevierville, Tennessee during all times material to this lawsuit.)

14. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this collective action lawsuit.

15. Plaintiff and all other similarly situated persons are current or former hourly-paid employees of Defendant's Zaxby's franchised restaurants.

16. Defendant employed Plaintiff and those similarly situated and was responsible for establishing and administering pay policies and practices related to them, including pay classifications and overtime compensation, during all times material to this lawsuit.

17. Plaintiff and those similarly situated are/were "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

18. Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00 during all times material to this action.

19. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

20. Defendant has had a time keeping system for tracking and reporting employees' hours for those who have worked at each of its Zaxby's franchised restaurants during all times material to this action.

21. During all times material, Defendant has had a common practice of directing, requiring, inducing, encouraging, expecting, and/or suffering and permitting, Plaintiff and those similarly situated to perform work "off the clock" within weekly pay periods during all times material, without compensating them for such overtime hours at the applicable FLSA overtime compensation rate of pay.

4

Case 3:23-cv-00062-TRM-JEM     Document 1     Filed 02/15/23     Page 4 of 9     PageID #: 4

22. Plaintiff and those similarly situated performed "off the clock" work for Defendant within weekly pay periods during all times material, without being paid for such time at the applicable overtime compensation rates of pay in a variety of ways, including but not limited to the following:

   (a) Performing pre-shift "off the clock" work within weekly pay periods, without being compensated for such work time at the applicable FLSA overtime compensation rates of pay - during all times material to this action: and/or

   (b) Performing post-shift "off the clock" work within weekly pay periods, without being compensated for such time at the applicable FLSA overtime compensation rates of pay - during all times material to this action: and/or

   (c) Undertaking required work-related training time "off the clock" without being compensated for such time at the applicable FLSA overtime compensation rates of pay within weekly pay periods - during all times material to this action: and/or

   (d) Performing work-related communications with management members and employees while "off duty" without being compensated for such "off the clock" communications within weekly pay periods at the applicable FLSA overtime compensation rates of pay - during all times material to this action. and/or

   (e) Transporting employees on behalf of Defendant while "off the clock" without being compensated for such time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action: and/or

   (f) Contacting and conversing with Defendant's prospective employees "off the clock" without being compensated for such time at the applicable FLSA overtime

5

compensation rates of pay within weekly pay periods during all times material to this action.

23. Defendant's violations of the FLSA were willful with reckless disregard to clearly established FLSA overtime compensation requirements.

24. Defendant's violations were without a good faith basis.

25. Defendant was aware of its FLSA violations.

26. The unpaid "off the clock" overtime claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA violations

27. The net effect of Defendant's common practice of working Plaintiff and those similarly situated "off the clock" without properly compensating them for such work time within weekly pay periods during all times material was to minimize its payroll cost and increase its profits – all at the expense of Plaintiff and those similarly situated.

28. Consequently, Plaintiff and others similarly situated are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all such unpaid "off the clock" and "edited-out" compensable overtime that is available to them under the FLSA.

## VII. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b).

30. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

31. While the exact number of collective members is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, she believes there are more than 100 individuals in the class.

32. Plaintiff and collective members are similarly situated as their claims are based on Defendant's compensation and time keeping plans and practices, as previously described.

33. They are similarly situated in that their claims are united through common theories of Defendant's FLSA statutory violations.

34. Defendant acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

35. Plaintiff and collective members have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendant.

## COUNT I
**(Violations of the Fair Labor Standards Act)**

36. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

37. At all times material, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. Defendant has employed Plaintiff and each of the other members of the class within the meaning of the FLSA during all times material.

39. Defendant has had a common practice of failing to pay Plaintiff and other members of the class for all overtime hours worked (including the previously described unpaid "off the clock" compensable time) at the applicable FLSA overtime rates of pay within weekly pay periods during all times material.

40. The unpaid "off the clock" claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

7

41. At all times material, Defendant has had actual knowledge of failing to pay Plaintiff and other members of the class for their unpaid overtime hours at the applicable FLSA overtime rates of pay.

42. As a result of its failure to compensate Plaintiff and other members of the class for all their overtime hours, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq.

43. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Defendant does not have a "good faith" basis for its FLSA violations, as previously described.

45. Due to its FLSA violations, Plaintiff and the other members of the class are entitled and, hereby seek, to recover from Defendant compensation for their unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of herself and all other collective members, requests this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising collective members of the pendency of this action and permitting them the right to opt-in to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and class members;

C. An award of liquidated damages to Plaintiff and class members;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and class members;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: February 15, 2023                                    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***