UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SELAH ADKINS, individually, and on behalf of herself and other similarly situated current and former employees, ) ) ) ) | Case No. 3:23-cv-62 |
| *Plaintiffs*, ) ) | Judge Travis R. McDonough |
| v. ) ) | Magistrate Judge Jill E. McCook |
| NEW POWER ZX, LLC, ) ) | |
| *Defendant*. ) ) | |

**ORDER**

Before the Court is the parties' joint motion for an order approving the parties' settlement of this Fair Labor Standards Act ("FLSA") action and dismissing Plaintiffs' claims with prejudice (Doc. 24). For the following reasons, the motion will be **GRANTED**, and the settlement will be **APPROVED**.[1]

I.  BACKGROUND

Plaintiffs filed this action on February 15, 2023, alleging that Defendant violated the FLSA by failing to adequately compensate her and those similarly situated for hours worked while employed by Defendant. (*See* Doc. 1, at 1–9.) The parties have now settled their dispute

---

[1] The Court notes that the complaint in this matter was filed by Selah Adkins, "individually and on behalf of herself and all others similarly situated," and included collective-action claims. (*See* Doc. 1.) However, Zacchary Facemier, Cagney Sherin, Jimmy Bruun, Darryl Cutshall-Torres, Haley Huff, and Virgil Hutchins have since opted in as Plaintiffs, and the parties now file a settlement resolving claims as to those individuals and Defendant. (Doc. 23-1.) The Court's approval of that settlement should not be construed as certification of a class or collective action; the present ruling does not resolve claims between anyone other than the aforementioned Plaintiffs and Defendant.

and filed their proposed settlement agreement with the Court. (*See* Doc. 23-1.) Pursuant to the agreement, Defendant will pay $53,750.00 in total to Selah Adkins, Zacchary Facemier, Cagney Sherin, Jimmy Bruun, Darryl Cutshall-Torres, Haley Huff, and Virgil Hutchins. (*Id.* at 1–3.)

## II. STANDARD OF REVIEW

In reviewing an FLSA settlement, courts scrutinize the proposed settlement to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015) (citing *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

## III. ANALYSIS

. Based on the representations made by the parties in their joint motion and the Court's consideration of the settlement agreement submitted by the parties, the Court **FINDS** that the proposed settlement payment of $53,750.00 is a fair and reasonable resolution of a bona fide dispute. Accordingly, the motion (Doc. 23) is **GRANTED**, and the settlement agreement (Doc. 23-1) is **APPROVED**. The Court will **DISMISS** this action **WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** the motion (Doc. 23) and hereby:

1. **APPROVES** the settlement agreement for an amount of $53,750.00; and
2. **DISMISSES** this action **WITH PREJUDICE**.

Each party is to bear their own attorney fees and discretionary costs.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**